10-3903-ag
Mei v. Holder

BIA
Videla, IJ
A089 255 939

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 13th day of December, two thousand eleven.

PRESENT:
> ROGER J. MINER,
> REENA RAGGI,
> SUSAN L. CARNEY,
> > *Circuit Judges.*

_____

HUICHAO MEI,
> *Petitioner,*

> v.                                           10-3903-ag
>                                              NAC

ERIC H. HOLDER, JR., U.S. ATTORNEY
GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        Eric Zheng, New York, NY.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; John S. Hogan, Senior
                       Litigation Counsel; Todd J. Cochran,
                       Trial Attorney, Office of
                       Immigration Litigation, U.S.
                       Department of Justice, Washington
                       D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Huichao Mei, a native and citizen of the People's Republic of China, seeks review of the August 30, 2010, order of the BIA affirming the July 9, 2008, decision of Immigration Judge ("IJ") Gabriel C. Videla denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Huichao Mei*, No. A089 255 939 (B.I.A. Aug. 30, 2010), *aff'g* No. A089 255 939 (Immigr. Ct. N.Y. City July 9, 2008). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Under the circumstances of this case, we review both the BIA's and IJ's opinions. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B) (2006); *Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir. 2008); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008) (per curiam).

On appeal, Mei contends that the agency's adverse credibility determination is not supported by the "totality of the circumstances." We conclude, however, that the

agency's adverse credibility determination is based on substantial evidence given inconsistencies in Mei's testimony and inconsistencies between his testimony and his written application, as well as the IJ's demeanor finding. As the agency found, Mei testified that family planning officials came to his house looking for his pregnant wife in July 2004, while also testifying that his wife did not discover that she was pregnant until September 2004, and later testified that the officials came to his house in September and October 2004. *See* 8 U.S.C. § 1158(b)(1)(B)(iii) (2006) (providing that an adverse credibility determination may be based on "the consistency between the applicant's or witness's written and oral statements . . ., the internal consistency of each such statement, the consistency of such statements with other evidence of record . . ., and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency . . . goes to the heart of the applicant's claim"). The agency was not compelled to accept Mei's explanation that he was nervous and misspoke. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) (holding that the agency need not credit an applicant's explanations for inconsistent testimony unless those explanations would compel a reasonable fact-finder to do so).

3

Similarly, as the agency found, Mei wrote in his written application that his only source of employment in China was working for an electric power company from 1998 to 2007, but he testified that he owned and worked at an advertising company. *See* 8 U.S.C. § 1158(b)(1)(B)(iii) (2006). The agency was not compelled to accept Mei's explanation that he did not believe that he had to list his ownership of the advertising company as part of his employment in his written application because he had not worked there, particularly given that Mei previously testified that he *had* worked at the advertising company. *See Majidi*, 430 F.3d at 80-81.

In addition, the IJ's demeanor finding provides additional support for the adverse credibility determination, as the IJ found that on several occasions Mei was non-responsive to questions and appeared to be testifying from a memorized account rather than from actual experience. *See Dong Gao v. BIA*, 482 F.3d 122, 126-27 (2d Cir. 2007) (providing that this Court grants "particular deference in applying the substantial evidence standard to credibility findings based on demeanor").

Because the agency's adverse credibility determination is supported by substantial evidence, the agency did not err in denying the relief sought. *See Majidi*, 430 F.3d at 81-82

4

(determining that petitioner failed to establish eligibility for asylum or withholding of removal because substantial evidence supported the agency's adverse credibility finding); *Paul v. Gonzales*, 444 F.3d 148, 155-57 (2d Cir. 2006) (noting that when the same factual assertions are needed for asylum, withholding of removal, and CAT relief, an adverse credibility finding regarding those assertions forecloses all forms of relief).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5